11-2629-cr
United States v. Valentin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut, on the 1ˢᵗ day of May, two thousand twelve.

PRESENT:

> RALPH K. WINTER,
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
> *Appellee,*

> -v.-                                                                No. 11-2629-cr

HECTOR VALENTIN,
> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLEE:**                        Alexander A. Solomon (Emily Berger, *of counsel*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**        James Roth, Hurwitz Stampur & Roth, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*) entered June 24, 2011.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Hector Valentin appeals a judgment convicting him, after a guilty plea, of conspiring to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a), 841(b)(1)(A), and sentencing him to 240 months' imprisonment.

We assume the parties' familiarity with the factual history and proceedings below. Briefly, Valentin was charged, along with three co-defendants, in a superseding indictment with various crimes related to the importation, possession, and distribution of heroin.[1] After Valentin's indictment, he appeared in court about nine times, including two arraignments on the indictment. At all of these proceedings, Valentin was represented by counsel and participated without the assistance of an interpreter.

On December 14, 2010, pursuant to a plea agreement with the government, Valentin pleaded guilty before the District Court to Count One of the superseding indictment. At the change-of-plea proceeding, Valentin spoke in English without the assistance of an interpreter. Valentin affirmed to the District Court that he was "able to speak and understand English," was "able to read and write in the English language," was "able to understand what [he] read[s] in the English language," "underst[ood] what is going on here today," and had no "difficulty at all communicating with . . . [his] attorney during this case." Valentin's counsel stated that he had discussed the case with Valentin and that Valentin was "capable of understanding the nature of these proceedings." Valentin thereafter told the court that he was 36 years old, had been born in New London, Connecticut, completed the ninth grade in New York, and had lived "[a]lmost [his] whole life" in New York. Valentin repeatedly asserted that he understood the implications of his guilty plea. Finally, Valentin pleaded guilty, admitting that he conspired to distribute heroin. The District Court accepted the plea, finding it to be knowing and voluntary.

On May 20, 2011, the morning Valentin was to appear before the District Court for sentencing, Valentin's counsel submitted a letter request for a Spanish interpreter. When the parties appeared before the District Court that day, the District Court inquired as to the reason for the request: "I don't understand what that was about, since Mr. Valentin allocuted in English before me, he never had an interpreter at any status conference." Counsel for Valentin explained that, although Valentin "clearly can communicate in English," Valentin had "just recently told me that

---

[1] On September 17, 2009, Valentin was one of four defendants charged in a seven-count superseding indictment. Specifically, Valentin was charged with: (1) conspiring to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(i), and 841(b)(1)(A)(ii)(II); (2) conspiring to import heroin, in violation of 21 U.S.C. §§ 963, 960(a)(1), and 960(b)(1)(A); (3) importation of heroin, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(A); and (4) attempting to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i).

when he speaks he lapses into—when he gets into an emotional state—he lapses, he's apt to lapse into Spanish and English, so he asked me to provide at least a standby interpreter [at sentencing]."

In response to the request for an interpreter, the District Court recalled: "Mr. Valentin plead[ed] guilty before me under oath, that had to have been a fairly emotional, trying experience, and he did perfectly fine. I understood him clearly. He made himself understood." The District Court added: "I don't appreciate that sort of offhanded use of very scar[ce] resources. The interpreters are scar[ce] resources, especially on a Friday when almost every judge in this courthouse has a calendar, and to accommodate their trial schedules, because we have a large number of litigants who require assistance of foreign language interpreters, and I'm happy to provide one where one is absolutely needed but where one is not needed that [is] a waste[] of scar[ce] court resources."

The District Court ultimately adjourned sentencing to June 15, 2011, to provide time for Valentin's counsel to file additional documents. During the sentencing hearing on that date, Valentin's counsel did not renew Valentin's request for an interpreter. When it was his turn to make a statement, Valentin first asked whether he could speak in Spanish, "because I can't speak too much English." The District Court instructed him to speak in English. Thereafter, Valentin spoke at length about his life, his religion, and his remorse. At one point, he stated that he was "very arrepentido for everything I have done," and the District Court translated the phrase "arrepentido" to mean "remorseful." Valentin also struggled briefly to find the appropriate English word while he was describing his history of abuse: "My own brother—my own brother—my only brother—all this was—my life has been hell and because of my sexual—my sexual—my sexual—my sexual—how do you say that word—my sexual orientation has brought my life to hell since the age of 14 when I got molested." Valentin spoke in English without any other difficulties.

In the Presentence Report ("PSR"), the Probation Department calculated an adjusted offense level of 34 with an accompanying criminal history category of IV, pursuant to which the applicable Guidelines range was 262 to 374 months' imprisonment. The District Court adopted the Guidelines calculation provided in the PSR. Following Valentin's sentencing statement, the District Court imposed a below-Guidelines sentence of 240 months' imprisonment, five years of supervised release, and a special assessment of $100.

On appeal, Valentin argues that the District Court's denial of his request for a standby Spanish interpreter at sentencing limited his right to allocution so as to require resentencing.

Absent an appropriate objection below, we apply a plain error standard to determine a defendant's claim. *United States v. Li*, 115 F.3d 125, 132 n.3 (2d Cir. 1997). Where an objection was properly made before the District Court, we "review the district court's limitation on allocution for any reversible error." *Id.* at 132.

We need not decide whether Valentin appropriately objected below, as we find that Valentin's allocution claim fails under either standard of review. The Court Interpreters Act

3

("CIA") provides in relevant part that a District Court should appoint an interpreter in a judicial proceedings instituted by the United States if it determines that the defendant "speaks only or primarily a language other than the English language . . . so as to inhibit such party's comprehension of the proceedings or communication with counsel or [the Court]." 28 U.S.C. § 1827(d)(1); *see also United States v. Johnson*, 248 F.3d 655, 661 (7th Cir. 2001) (reiterating the CIA standard and explaining that the District Court is best positioned to evaluate whether a defendant meets that standard); *United States v. Black*, 369 F.3d 1171, 1174 (10th Cir. 2004).

The District Court did not abuse its discretion in denying Valentin's request for an interpreter at sentencing. Valentin stated that he was born in Connecticut and had spent most of his life in New York State, and he had appeared with counsel before the District Court many times without an interpreter, demonstrating that he spoke and understood English sufficiently well to proceed without an interpreter, and that he was not inhibited from comprehending the proceedings, communicating with counsel, or expressing himself to the Court. Indeed, Valentin repeatedly affirmed to the Court that he was able to read, write, speak, and understand the English language, that he fully understood the proceedings, and that he had no difficulty communicating with counsel. The record contained additional evidence of Valentin's fluency in English, including several multi-page questionnaires completed by Valentin in English using full sentences and without any Spanish words. At sentencing, Valentin made a lengthy statement in English with little trouble.

In sum, the District Court did not abuse its discretion in denying Valentin's request for an interpreter at sentencing.

### CONCLUSION

We have considered all of Valentin's arguments on appeal and find them to be without merit. For the reasons stated above, the June 24, 2011 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4